UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DONALD NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:11-CV-417 |
| v. | ) | (MATTICE/GUYTON) |
| | ) | |
| KNOX COUNTY, TN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are: a Motion for Protective Order [Doc. 44], filed by Defendants Selenia Allen, Deanna Jones, Judy Sims, Deborah Bunch, and Melanie Adams; a Motion for Protective Order [Doc. 49], filed by Defendant Amy Luxford; and a Motion for Protective Order [Doc. 51], filed by Knox County.[1]  For the reasons stated herein, the Motions for Protective Order will be **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

Plaintiff Nichols was arrested on August 10, 2010, as a result of an argument with his ex-wife. Plaintiff was incarcerated in the Knox County Detention Facility on August 13, 2010. Plaintiff alleges that he fell from the bunk in his cell on August 27, 2010, and that he suffered a neck injury as a result of that fall.

---

[1] The Motion for Protective Order filed by Knox County also purports to be brought on behalf of the individual defendants in their official capacities.  As the parties know, an "official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Cady v. Arenac County, 574 F.3d 334, 342 (6th Cir. 2009).  For clarity and because they are synonymous, the Court refers to these official capacity claims by reference to Knox County.

The instant case was filed on August 26, 2011. In his Amended Complaint, Plaintiff alleges that the Defendants were deliberately indifferent to his injury and that they refused necessary medical care. Plaintiff alleges that the Defendants violated rights guaranteed to him under the Constitution of the United States.

In August 2013, Defendants Selenia Allen, Deanna Jones, Judy Sims, Deborah Bunch, Melanie Adams, and Amy Luxford filed Motions for Summary Judgment arguing *inter alia* that the Plaintiff's claims under the United States Constitution were barred by qualified immunity. Knox County filed a separate Motion for Summary Judgment adopting the Motions for Summary Judgment and Memoranda filed by the individual defendants. The parties filed their Motions for Protective Order contemporaneously with the Motions for Summary Judgment.

Over the two years that this case has been pending, the parties have engaged in discovery. The Defendants have provided initial disclosures, answered interrogatories, responded to requests for production, responded to requests to admit, and taken an eight-hour deposition of the Plaintiff. [See Doc. 68 at 5]. Further, there is no dispute that the Plaintiff has taken the deposition of individual defendants or that Knox County produced documents after these depositions were completed. Additionally, Knox County and the Plaintiff agree that requests for production were served on Knox County prior to the Defendants raising the issue of qualified immunity, but Knox County has not yet fully complied with its production obligations.

Finally, the parties have confirmed that at least one other suit related to the nucleus of facts at issue in this case is pending in state court before the Honorable Deborah Stevens, Knox County Circuit Court Judge.

## II.     POSITIONS OF THE PARTIES

In the Motions for Protective Order, all Defendants move the Court to enter a protective order barring further discovery in this case. The individual defendants note that they have filed Motions for Summary Judgment arguing the affirmative defense of qualified immunity. They argue that, "[p]ursuant to the qualified immunity doctrine, no further discovery should be allowed until the question of qualified immunity is resolved." [Doc. 45 (citing Saucier v. Katz, 533 U.S. 230-31 (2001))]. Knox County states that it "adopts and incorporates by reference all the facts, cited authorities, and arguments" presented by the individual defendants.

The Plaintiff has responded in opposition to the Motions for Protective Order. The Plaintiff argues, first, that the Defendants failed to comply with the Scheduling Order and Rule 26 of the Federal Rules of Civil Procedure in filing their motions. Second, the Plaintiff argues that significant discovery has occurred in this case and discovery could be completed with three short depositions. Plaintiff maintains that raising qualified immunity as a defense does not automatically stop discovery in the case. Plaintiff argues that disputed facts exist in this case and would preclude awarding summary judgment in favor of the Defendants. Finally, Plaintiff argues that, as a municipality, Knox County is not entitled to assert the affirmative defense of qualified immunity, and thus, Knox County should not be afforded a protective order based upon qualified immunity being raised.

## III.    ANALYSIS

As an initial matter, the Court finds that neither Rule 26 of the Federal Rules of Civil Procedure, nor the discovery-dispute procedure outlined in the Scheduling Order foreclose the

Court from considering the Motions for Protective Order. The Court, thus, turns to the issues presented.

A.  *Knox County's Request for a Stay*

The parties are well-versed in the defense of qualified immunity, and a lengthy discussion of the defense itself is not warranted here. It is well-established that the defense of qualified immunity is not available to a governmental entity. See Myers v. Potter, 422 F.3d 347, 352 (6th Cir.2005) ("The qualified immunity defense is not available to municipalities or to persons acting on behalf of municipalities . . . when sued in their official capacity only."); see also Wilson v. Trumbull County, 2013 WL 3776743, at *8 n. 6 (N.D. Ohio July 17, 2013); Martin v. City of Broadview Heights, 2011 WL 3648103, at * 8 (N.D. Ohio Aug.18, 2011).

Knox County's written motion, which purports to adopt the individual defendants' motions in whole, would indicate that Knox County believes the qualified immunity defense is available to it. At the hearing, counsel for Knox County described the fact that a governmental entity does not enjoy qualified immunity, while an individual officer may be afforded qualified immunity, as a "difference without a distinction." Counsel argued that, even if it cannot directly invoke qualified immunity, Knox County has an interest in the qualified immunity issue through its employees. Alternatively Knox County argued that a stay of discovery must apply to all discovery to be effective.

The Court finds Knox County's position to be unpersuasive. Knox County has not cited the Court to any case law supporting its argument that a stay of discovery based upon qualified immunity should be afforded to the County – despite the defense of qualified immunity not being available to the County – and the Court has not found any such authority. To the contrary, courts facing similar arguments have found that discovery should not be stayed as to a governmental

4

entity simply because an individual defendant has raised a qualified immunity defense.  See Roth v. Pres. & Bd. of Tr. of Ohio Univ., 2009 WL 2579388, at *3 (S.D. Ohio Aug. 18, 2009) ("[T]he Court also rejects the argument that all discovery should be stayed simply because one of the several claims in the complaint is subject to a qualified immunity defense."); see also Offineer v. Kelly, 2010 WL 774206, at *6 (S.D. Ohio Mar. 2, 2010) ("[B]ecause a municipal entity may not assert qualified immunity, the general principles behind staying discovery until a motion based on qualified immunity can be decided do not apply to discovery about factors that go solely to municipal liability.");  Beck v. Taylor County, 1998 WL 682265, at *1 (N.D. Tex. Sept. 29, 1998) ("Beck is correct that a general stay of discovery is unwarranted because Taylor County is not entitled to qualified immunity.")

Thus, the Court finds that Knox County has not demonstrated, through its filings and oral arguments, that the Court's analysis of the County's request for a stay should mirror the analysis of the individual defendants' requests for stays.  The Court finds, therefore, that Knox County must complete its document production immediately.

B.      *Stay of Discovery Based Upon Qualified Immunity*

The Court turns, next, to the Plaintiffs' request that the Motions for Protective Order be denied in part and that he be allowed to complete three additional depositions in this case.

 "[W]hile the Court has discretion to stay a case pending resolution of a dispositive motion, a stay is *mandated* in those situations where governmental defendants have raised a claim of qualified immunity unless there is discovery needed to frame the immunity issue." Allison v. Knox County, No. 3:10-CV-188, Doc. 46 (E.D. Tenn. Jan. 24, 2012) (quoting Brown v. Timmerman-Cooper, 2012 WL 113528, at *4 (S.D. Ohio Jan. 13, 2012)) (emphasis supplied). The Court of Appeals has explained, however, that its holdings should not be interpreted as

5

standing for the proposition that "any time qualified immunity is asserted it is proper to dismiss on that ground prior to allowing any discovery." Alspaugh v. McConnell, 643 F.3d 162, 168 (6th Cir. 2011). Thus, discovery may be permitted, even where qualified immunity is raised, if it is appropriate to frame the immunity issue. See, e.g., Devers v. Mooney, 2013 WL 3821759, at *2 (W.D. Ky. 2013) (allowing limited discovery where a motion for summary judgment based upon qualified immunity was pending).

The Plaintiff is asking only that he be permitted to take the depositions of: (1) Stephanie Minor, a nurse employed by Knox County; (2) Dorothy Pinkston, the former Knox County Health Administrator; and (3) Donald Keeble, M.D., a physician who works for Knox County.[2]

The Court finds that the deposition of Ms. Minor is needed to fully frame the qualified immunity issue posed by the individual defendants, because Ms. Minor is the member of the medical staff who requested that an x-ray of Plaintiff's injury be performed. The Court will, therefore, order that Ms. Minor sit for a deposition. However, Ms. Minor's deposition may be taken in conjunction with the related case in state court, and all parties may participate. The parties shall caption the deposition for both this case and the state-court case. There is no need for anyone to incur undue expense with two depositions of Ms. Minor.

The Court finds that the Plaintiff has not demonstrated that the depositions of Ms. Pinkston or Dr. Keeble are necessary to frame the qualified immunity question. As a result, the Court will grant the protective order as to these depositions.

Finally, the Court reminds counsel for the Defendants that if the District Judge denies their Motions for Summary Judgment, in whole or part, and this case is set to proceed to trial,

---

[2] Neither Knox County nor the Plaintiff could represent definitively whether Dr. Keeble is an employee of Knox County or is an independent contractor engaged by Knox County.

they are to work with counsel for the Plaintiff to complete any and all necessary discovery as soon as practicable.

IV. **CONCLUSION**

In sum, the Motions for Stay **[Docs. 44, 49, and 51]** are **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Knox County's request for a stay of discovery based upon qualified immunity is **DENIED**;

2. Knox County is **ORDERED** to complete the document production, which was started before the Motions for Summary Judgment were filed, on or before **October 18, 2013**;

3. The request to stay the depositions of Dr. Keeble and Ms. Pinkston is **GRANTED**; and

4. The request to stay the deposition of Ms. Minor is **DENIED**, and Knox County is **ORDERED** to produce Ms. Minor for a deposition on or before **November 1, 2013**.

**IT IS SO ORDERED**.

ENTER: