UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| Donald Nichols, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:11-CV-417-PLR-HBG |
| ) | |
| Knox County, Tennessee, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## Memorandum Opinion and Order

This matter has been stayed while the parties appealed the Court's ruling on summary judgment. [R. 128]. The appeals have now been resolved and dismissed, and the plaintiff has moved to lift the stay and set the case for trial. [R. 164]. While the case was stayed, the plaintiff settled his claims against all remaining parties except for Knox County. The plaintiff settled his claims against Nurse Luxford in both her individual and official capacities with prejudice. In a parallel, state court case asserting negligence claims, the Knox County Circuit Court granted the County's motion for summary judgment. Based on these developments, Knox County has moved to amend its answer to assert that the plaintiff released Knox County by virtue of releasing his official capacity claims against Nurse Luxford. Knox County also hopes to assert the defense of *res judicata* arising from the dismissal of the state court case and to assert its right to setoff equal to the amount paid by or on behalf of Nurse Luxford when she settled. [R. 158]. Finally, Knox County opposes the plaintiff's motion to lift the stay, arguing that the Court should *sua sponte* dismiss the plaintiff's complaint based on the release of his official capacity claims against Nurse Luxford. [R. 166].

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave should freely be given to amend the pleadings when the interests of justice require. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . . futility of the amendment, etc. – then leave sought should, as the rules require, be 'freely given.'"). The denial of an opportunity to amend is within the discretion of the district court. *Id.* When the proposed amendment would be futile, the court may deny the motion to amend. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

As an initial matter, Knox County's attempt to frame the plaintiff's release of Nurse Luxford as a release of the County is without merit. The plaintiff's release of his official capacity claims against Nurse Luxford does not absolve the County of liability for allegedly implementing and maintaining policies or customs that were the moving force behind the violation of the plaintiff's constitutional rights. The absence of official capacity claims has no bearing on the County's supervisory liability. This Court and others often allow § 1983 cases to proceed against municipalities despite there being no official capacity claims. *See, e.g., Newby v. Sharp*, 2012 WL 1230764, at *3-4 (E.D. Tenn. Apr. 12, 2012) (dismissing official capacity claims and allowing claims to proceed against Knox County).

The County's *res judicata* argument is also futile. As Knox County correctly notes, the Court must give the prior state court judgment the same preclusive effect it would have under Tennessee law. 28 U.S.C. § 1738; *Heyliger v. State University and Community College System*, 126 F.3d 849, 851-52 (6th Cir. 1997). Under Tennessee law, *res judicata* "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Massengill v. Scott*, 738 S.W.2d

2

629, 631 (Tenn. 1987). In *Massengill*, which was cited by Knox County, the Tennessee Supreme Court held that *res judicata* does not bar a state law cause of action filed after a § 1983 suit was litigated to a final verdict even though both cases arose from the same general nucleus of operative fact. *Id.* The Court explained that a § 1983 action seeking damages based on deprivation of a right guaranteed by the U.S. Constitution "is quite different from such common law torts as false arrest and imprisonment, malicious prosecution, abuse of process, assault and battery and outrageous conduct." *Id.* Because the plaintiff was only asserting common law tort claims in state court, the prior federal court judgment in the § 1983 case did not bar the state claims. *Id.* This case is simply the inverse of *Massengill*. The plaintiff's prior state law cause of action is "quite different" from this § 1983 action, and therefore does not give rise to a *res judicata* defense.

Moreover, the operative facts in the state court case differ from this case. The plaintiff's negligence claim in state court was based on the plaintiff's bunk assignment, and the Court has already held that the plaintiff's bunk assignment is irrelevant to his deliberate indifference claim. [R. 121, Page ID 1593]. This § 1983 cause of action is instead based on the defendants' deliberate indifference to the plaintiff's injuries after the fall. Because the causes of action differ, and the factual bases differ, amending the answer to assert the defense of *res judicata* based on the prior state court judgment would be futile.

That brings us to setoff. As the County notes in its motion, it is unnecessary to amend its answer to assert a right to setoff. The Court declines to determine what, if any, right to setoff Knox County would have in this case. At this time, such a determination would be premature.

Knox County's motion to amend [R. 158] is **Denied**. The plaintiff's motion to lift the stay and set the case for trial [R. 164] is **Granted.** Trial shall commence on Tuesday, July 12,

3

2016. The parties are directed to contact Magistrate Judge Guyton's chambers to arrange a scheduling conference.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**